UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MURPHY A. THERIOT and OTHER OF THE CLASS,<br><br>                    Plaintiff,<br>      v.<br><br>PIERCE COUNTY GOVERNMENT OFFICERS, DISTRICT ATTORNEYS OFFICE, CLERK OF COURT OFFICE, and OTHER OFFICERS WITHIN,<br><br>                    Defendants. | No. C10-5696 RBL/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE AND DENYING MOTIONS FOR INJUNCTION (ECF No. 3) AND FOR COURT TO NAME DEFENDANTS (ECF No. 4) |

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Under separate Order, Plaintiff has been granted leave to proceed *in forma pauperis* (IFP). Before the court for review is Plaintiff's civil rights complaint. ECF No. 9. After careful review, the court declines to serve the complaint because it is deficient.

**DISCUSSION**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief form a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

ORDER TO AMEND OR SHOW CAUSE- 1

*Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.§ 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the IFP provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez,* 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim"); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

ORDER TO AMEND OR SHOW CAUSE- 2

In his complaint, Plaintiff purports to sue "Pierce County Government Officers", "District Attorneys Office", "Court Clerk Office", and "Other Officers within", because the criminal records maintained by the Clerks offices throughout the State of Washington reflect that Plaintiff was charged with rape and assault even though he plead guilty to a charge of assault only. Plaintiff alleges that his plea agreement included a promise by the District Attorney's Office that there would be no record of a sex related crime. ECF No. 1-1, pp. 1-2. Plaintiff identifies the defendants as "state and county officers acting under color of office being District Attorney past & present; Clerk of Court past & present assistance [sic] of both as directed by office; and Superior Court Judge Donald H. Thompson." This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must allege in specific terms how each **named** defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Thus, Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights.

Under separate motion, Plaintiff requests this court to name the "Chief Officers and the Departments as the Defendants and serve there [sic] respective counsel and office." ECF No. 4. That motion is without merit and shall be denied. As noted above, Plaintiff must name the individuals who actually caused him harm. "Chief officers" and "Departments" are not proper parties under Section 1983. A defendant cannot be held liable under 42 U.S.C. § 1983 solely on

ORDER TO AMEND OR SHOW CAUSE- 3

the basis of supervisory responsibility or position.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).   In addition, and despite his IFP status, Plaintiff must provide the court with information necessary to identify the defendants to be served.  *See, Walker v. Sumner*, 14 F.3d 1415, 1415 (9th Cir. 1994).

Although Plaintiff names Judge Donald H. Thompson (Retired), he includes no fact specific allegations as to how Judge Thompson violated Plaintiff's constitutional rights. Moreover, Plaintiff is advised that judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity.  *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction," *Sparkman*, 435 U.S. at 356-57 (citation omitted), that is, when he or she acts in a private or nonjudicial capacity, see *Henzel v. Gerstein*, 608 F.2d 658 (5th Cir. 1979).

Plaintiff is further advised that absolute prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor.  *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it."  *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir.2001) (internal quotation marks and citation omitted).

ORDER TO AMEND OR SHOW CAUSE- 4

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id.* (internal quotation marks and citations omitted).

Notably, Plaintiff has also failed to allege what constitutional right he maintains that the unnamed defendants have violated. To the extent Plaintiff is attempting to allege a Fourteenth Amendment due process violation, Plaintiff has failed to identify any liberty interest of which he has been deprived. The court notes that the Washington State Criminal Records Privacy Act, Wash.Rev.Code Ann. §§ 10.97.010-120 (1980), and the regulations promulgated under it, Wash.Admin.Code §§ 446-20-010-450 (1983), grant a limited right to inspect and correct erroneous records. *See* Wash.Rev.Code Ann. § 10.97.080 (1980); Wash.Admin.Code §§ 446-20-070, 120, 140-50 (1983). It is unclear, however, whether the Washington state law provisions apply to Plaintiff's claim because Plaintiff does not allege that he filed a formal, written inspection request and record challenge with the appropriate state criminal justice agency or that he has satisfied all procedural prerequisites. Even if he had, Plaintiff does not allege that any state record is erroneous. Instead, he is alleging that a prosecutor promised that there would be no record of a sex related crime when Plaintiff agreed to plead guilty to the assault charge only. A claim for a breach of a plea agreement is a state law breach of contract claim that is not cognizable under Section 1983.

In addition, Plaintiff purports to sue on his own behalf and on behalf of "others of the class." ECF No. 9, p. 1. The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.

ORDER TO AMEND OR SHOW CAUSE- 5

See Fed.R.Civ.P. 23(a).  Pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  *See, e.g., Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  As presently plead, there are no grounds to certify this action as a class action.

Plaintiff has also filed a Motion for Injunction.  ECF No. 3.  Plaintiff requests a court order directing that the record keeping of all clerks of court within the State of Washington be enjoined.  *Id.*, p. 1.  Plaintiff is not entitled to preliminary injunctive relief until such time as the court finds that his complaint contains cognizable claims for relief against identified defendants and those named defendants have been served with the summons and complaint.  *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  The court will grant Plaintiff leave to amend his complaint to attempt to state a cognizable section 1983 action.  However, at this juncture, Plaintiff's requests for injunctive relief are premature.

Due to the deficiencies described above, the court will not serve the complaint.  Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **January 28, 2011.**

An amended complaint must set forth all of Plaintiff's factual claims, causes of action, claims for relief, and any exhibits.  Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)    the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

ORDER TO AMEND OR SHOW CAUSE- 6

(2)  the dates on which the conduct of each Defendant allegedly took place; and

(3)  the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

Accordingly, it is **ORDERED:**

ORDER TO AMEND OR SHOW CAUSE- 7

1    (1)    If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **January 28, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

    (2)    Plaintiff's motion for injunction (ECF No. 3) and motion for court to name defendants (ECF No. 4) are **DENIED.**

    (3)    **The Clerk is directed to send to Plaintiff the appropriate form for filing a 42 U.S.C. 1983 civil rights complaint, a copy of this Order and a copy of the General Order**.

DATED this  27th  day of December, 2010.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 8