UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MURPHY A. THERIOT AND OTHER OF THE CLASS,<br><br>Plaintiff,<br><br>v.<br><br>PIERCE COUNTY GOVERNMENT OFFICERS, DISTRICT ATTORNEY OFFICE, CLERK OF COURT OFFICE, and OTHER OFFICERS WITHIN,<br><br>Defendants. | No. C10-5696 RBL/KLS<br><br>ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Before the court is Plaintiff's motion for the appointment of counsel. ECF No. 10. Having carefully reviewed Plaintiff's motion, and balance of the record, the court finds, for the reasons stated below, that Plaintiff's motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER DENYING MOTION FOR COUNSEL - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test.  *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

Plaintiff maintains that he should be appointed counsel because he has used referral lines and had called over 20 attorneys in the area, but can find no one to assist him.  ECF No. 10, p. 2.

Plaintiff filed his complaint *pro se* and he has demonstrated an adequate ability to articulate his claims *pro se*.  Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them.  In his complaint, Plaintiff claims that the prosecutor breached a plea agreement as to how his state court conviction would be listed in his criminal history record.  This is not a complex issue.  Moreover, Plaintiff has also

ORDER DENYING MOTION FOR COUNSEL - 2

not shown a likelihood of success on the merits.  In fact, under separate Order, Plaintiff has been ordered to show cause why his complaint should not be dismissed for failure to properly plead a cause of action.

     Accordingly, Plaintiff's motion to appoint counsel (ECF No. 10) is **DENIED**. The Clerk is directed to send copies of this Order to Plaintiff.

     DATED this  27th  day of December, 2010.

                                            Karen L. Strombom
                                            United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL - 3