UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MURPHY A. THERIOT and OTHER OF THE CLASS,<br><br>                    Plaintiff,<br><br>    v.<br><br>PIERCE COUNTY GOVERNMENT OFFICERS, DISTRICT ATTORNEYS OFFICE, CLERK OF COURT OFFICE, and OTHER OFFICERS WITHIN,<br><br>                    Defendants. | No. C10-5696 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for:  February 25, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* was granted on December 15, 2010.  ECF No. 8.  Upon review of Plaintiff's civil rights complaint (ECF No. 9), the court found the complaint to be deficient and directed Plaintiff to show cause why the complaint should not be dismissed or to amend his complaint to state a cause of action under 42 U.S.C. § 1983.  ECF No. 11.  Plaintiff was given a deadline to amend or show cause by January 28, 2011.  *Id.*  Plaintiff has not responded to the court's order.  The undersigned recommends that the action be dismissed without prejudice prior to service because Plaintiff's claims are not cognizable under 42 U.S.C. § 1983 and for failure to comply with this court's order.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief form a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.§ 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez,* 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"); *see also Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)(citations omitted).

In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. However, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir. 2000). See also, *Henderson v. Pacific Properties and Development Corp*., 358 F.3d 1097, 1106 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497(9th Cir.1995) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.")

As currently plead, Plaintiff's complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a complaint must allege that (l) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

REPORT AND RECOMMENDATION - 3

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

In his complaint, Plaintiff purports to sue "Pierce County Government Officers", "District Attorneys Office", "Court Clerk Office", and "Other Officers within", because the criminal records maintained by the Clerks offices throughout the State of Washington reflect that Plaintiff was charged with rape and assault even though he plead guilty to a charge of assault only. Plaintiff alleges that his plea agreement included a promise by the District Attorney's Office that there would be no record of a sex related crime. ECF No. 1-1, pp. 1-2. Plaintiff identifies the defendants as "state and county officers acting under color of office being District Attorney past & present; Clerk of Court past & present assistance [sic] of both as directed by office; and Superior Court Judge Donald H. Thompson." This is not sufficient to state a claim under 42 U.S.C. § 1983. Plaintiff must allege in specific terms how each **named** defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982). Thus, Plaintiff must set forth factual allegations and allege with specificity the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights. He has failed to do so.

REPORT AND RECOMMENDATION - 4

Although Plaintiff names Judge Donald H. Thompson (Retired), he includes no fact specific allegations as to how Judge Thompson violated Plaintiff's constitutional rights. Moreover, judges are absolutely immune from liability for damages in civil rights suits for judicial acts performed within their subject matter jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). Acts are judicial where the acts are normally performed by a judge, and where the parties deal with the judge in his or her judicial capacity. *Sparkman*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction," *Sparkman*, 435 U.S. at 356-57 (citation omitted), that is, when he or she acts in a private or nonjudicial capacity, see *Henzel v. Gerstein*, 608 F.2d 658 (5th Cir. 1979).

In addition, prosecutorial immunity immunizes a prosecutor from damages liability pursuant to 42 U.S.C. § 1983 for actions taken in his or her role as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Prosecutorial immunity is based on "the nature of the function performed, not the identity of the actor who performed it." *Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir.2001) (internal quotation marks and citation omitted). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for State, are entitled to the protections of absolute immunity." *Id*. (internal quotation marks and citations omitted). Notably, Plaintiff has also failed to allege what constitutional right he maintains that the unnamed defendants have violated. To the extent Plaintiff is attempting to allege a Fourteenth Amendment due process violation,

REPORT AND RECOMMENDATION - 5

Plaintiff has failed to identify any liberty interest of which he has been deprived.  The court notes that the Washington State Criminal Records Privacy Act, Wash.Rev.Code Ann. §§ 10.97.010-120 (1980), and the regulations promulgated under it, Wash.Admin.Code §§ 446-20-010-450 (1983), grant a limited right to inspect and correct erroneous records.  *See* Wash.Rev.Code Ann. § 10.97.080 (1980); Wash.Admin.Code §§ 446-20-070, 120, 140-50 (1983).  It is unclear, however, whether the Washington state law provisions apply to Plaintiff's claim because Plaintiff does not allege that he filed a formal, written inspection request and record challenge with the appropriate state criminal justice agency or that he has satisfied all procedural prerequisites.  Even if he had, Plaintiff does not allege that any state record is erroneous.  Instead, he is alleging that a prosecutor promised that there would be no record of a sex related crime when Plaintiff agreed to plead guilty to the assault charge only.  A claim for a breach of a plea agreement is a state law breach of contract claim that is not cognizable under Section 1983.

In addition, Plaintiff purports to sue on his own behalf and on behalf of "others of the class."  ECF No. 9, p. 1.  The prerequisites to maintenance of a class action are that (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law and fact, (3) the representative party's claims or defenses are typical of the class claims or defenses, and (4) the representative party will fairly and adequately protect the class interests.  See Fed.R.Civ.P. 23(a).  Pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class.  *See, e.g., Russell v. United States*, 308 F.2d 78, 79 (9th Cir.1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").  As presently plead, there are no grounds to certify this action as a class action.

REPORT AND RECOMMENDATION - 6

## CONCLUSION

Although he was given leave to amend, Plaintiff failed to respond to the court's order and failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **February 25, 2011**, as noted in the caption.

DATED this  7th  day of February, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7